IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-375-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOHNNY LEE RUSS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his brother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in each count of a three-count indictment on 28 November 2012 with: conspiracy to commit robbery on Fort Bragg on or about 10 January 2012 in violation of 18 U.S.C. § 371 (ct. 1); robbery on Fort Bragg, and aiding and abetting the same, on 11 January 2012 in violation of 18 U.S.C. §§ 2111 and 2 (ct. 2); and kidnapping on Fort Bragg, and aiding

and abetting the same, on or about 11 January 2012 in violation of 18 U.S.C. §§ 1201 and 2 (ct. 3).

The evidence presented at the hearing showed that in the early morning of 11 January 2012, Teyah Shynikia English ("English"), who has pled guilty in this court to conspiracy to commit the robbery in issue (*see* case no. 5:12-CR-224-H-1, D.E. 24 ¶ 2.a), went to the residence of the victim and lured him to an awaiting car on the ruse that she needed him to go to an ATM machine to obtain gas money for her. After returning to the car with the victim, defendant and the co-defendant (James David Dixon) entered the back seat. The defendant, who was seated behind the victim, held a metal object to the victim's head, threatened to shoot him if he turned around, and demanded his wallet. English was driving to an ATM machine, but she wrecked the car and the victim escaped. Although defendant committed the alleged offenses on Fort Bragg, he has no known connection to the military. English made a statement to the police explaining the role of defendant and the other co-conspirators in the robbery.

## Discussion

The principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including the brazenness of their perpetration on a military base, defendant's threat to shoot the victim, and defendant's alleged commission of the offenses while on probation for all of his state offenses, as discussed below; defendant's criminal record, which includes 20 felony convictions, a misdemeanor conviction incurred while defendant was on probation, a formal probation violation, and failures to appear in 10 cases (signifying disregard of the law); the unsuitability of the proposed third-party custodial

arrangement (notwithstanding the qualification of the proposed custodian to serve) due to the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Although defendant has a significant work history and could return to his job if released, he was employed at the time of the charged offenses, indicating that employment failed to deter him from criminal conduct.

The court also recognizes that defendant's felonious conduct has occurred over the course of a total of a few days—the 20 felonies on 31 December 2007 and the charged offenses on 10 and 11 January 2012. But that fact indicates a pattern of erratic participation in very serious felony conduct that enhances his dangerousness. Moreover, the charged offenses reflect an escalation in the seriousness of defendant's criminal conduct.

Moreover, the probation defendant was serving at the time of the alleged offenses was, in part, for the 20 felonies of which he was convicted. Receipt of only probation for that number of felonies did not serve as an inducement to defendant to avoid further criminal conduct. He was also serving probation for his one misdemeanor conviction, for driving while license revoked, and probation for that offense had been imposed on 2 November 2011, just a month before the charged conduct. Defendant's disregard for his legal obligations is further manifested by his multiple failures to appear. In light of these and the other considerations discussed, the court finds that it cannot fashion conditions that would reasonably assure the safety of any other person and the community if defendant were released.

Case 5:12-cr-00375-H   Document 28   Filed 01/03/13   Page 3 of 4

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of January 2013.

James E. Gates
United States Magistrate Judge